**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Shannon E. Stevens,** | ) | **CASE NO. 4:12 CV 516** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Carolyn W. Colvin,** | ) | **Memorandum of Opinion and Order** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Kenneth S. McHargh (Doc. 22) recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

## **ANALYSIS**

Plaintiff objects to the R&R on the grounds that the Administrative Law Judge ("ALJ") violated the Sixth Circuit's holding in *Ealy v. Comm'r of Social Security*, 594 F.3d 504 (6th Cir. 2010) by determining that plaintiff is moderately limited in concentration, persistence or pace and failing to include a corresponding limitation in plaintiff's residual functional capacity ("RFC") assessment. According to plaintiff, a limitation to "simple, routine, and repetitive tasks" does not account for a moderate limitation in concentration, persistence, or pace.

This Court disagrees with plaintiff's contention. In *Ealy v. Comm'r of Social Security*, 594 F.3d 504 (6th Cir. 2010), the ALJ determined that plaintiff had moderate difficulties in concentration, persistence, or pace. The medical evidence of record demonstrated that plaintiff had the ability to sustain attention to complete simple repetitive tasks to "two-hour segments over an eight-hour day where speed was not critical." The ALJ noted that his assessment was "consistent" with the medical evidence. In computing plaintiff's RFC, the ALJ limited plaintiff to "simple, repetitive tasks and instructions." The Sixth Circuit held that the limitation to

2

"simple repetitive tasks and instructions" did not properly account for plaintiff's limitations in concentration, persistence, or pace. In theory, an individual who has difficulties with concentration or with persistence or pace may not be able to perform simple and repetitive tasks in a timely fashion. Thus, the limitation does not fairly account for the impairment.

Unlike the plaintiff in *Ealy*, the ALJ did not determine a specific limitation attributable to plaintiff's difficulties with concentration, persistence, or pace. Further, plaintiff fails to point to any evidence in the record supporting a specific limitation in this regard. Rather, the ALJ expressly noted that the state agency psychological consultants determined that although plaintiff had moderate difficulties in maintaining concentration, persistence or pace, plaintiff "was capable of meeting the basic mental demands of competitive work on a sustained basis." The ALJ afforded these mental assessments "significant weight" and noted that they were "consistent with the claimant's mental health treatment records and her activities of daily living." Thus, unlike *Ealy*, where the ALJ found specific limitations related to the plaintiff's difficulties in maintaining concentration, persistence, or pace, the ALJ in this case expressly determined that plaintiff could meet the mental demands of competitive work on a sustained basis despite her moderate difficulties in maintaining concentration, persistence, or pace. As such, there is no indication that the limitation imposed by the ALJ, *i.e.*, "simple, routine, repetitive tasks," would not account for plaintiff's moderate limitations in concentration, persistence, or pace. Therefore, the ALJ did not err in computing plaintiff's RFC.

Plaintiff further objects to the fact that the ALJ applied the grids to determine plaintiff's claim even though plaintiff has nonexertional limitations. The Magistrate Judge determined that because the limitation to "simple, routine, repetitive tasks" is analogous to confining plaintiff to

unskilled work, reliance on the grids was appropriate under *Allison v. Apfel*, 2000 WL 1276950, at *4 (6th Cir. Aug. 30, 2004).  Plaintiff does not specifically object to this conclusion.  Rather, plaintiff generally argues that "the error has been thoroughly addressed" and "will not [be repeated] here."  Even if this objection is sufficiently specific to warrant consideration by this Court, the objection is not well-taken.  The Magistrate Judge properly applied the holding in *Allison* and, therefore, the ALJ's reliance on the grids was not error.

## **CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.  The R&R is incorporated as if fully rewritten herein.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 3/7/13